## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TAMMY CHAVEZ,

        Plaintiff,              Case No. 20-13011

v.                               Hon.

CAFE CORTINA, INC.,
ADRIAN TONON, and
ANTONIO GIANNOLA,

        Defendants.

_____/

Nakisha Chaney (P65066)
Jessica Lieberman (P68957)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
(248) 679-8711
*chaney@sppplaw.com*
*lieberman@sppplaw.com*

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Tammy Chavez, by her attorneys, Salvatore Prescott Porter & Porter, brings this Complaint for age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*., and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2202 and § 37.2701.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is an individual who resides in the Eastern District of Michigan.

2.      Defendant Café Cortina, Inc. is a domestic corporation with its principal place of business in Farmington Hills, Michigan.

3.      Defendants Adrian Tonon and Antonio Giannola are employees and agents of Café Cortina who reside in the Eastern District of Michigan.

4.      Defendants Tonon and Giannola ran Café Cortina's operations during the relevant time.

5.      This Court has jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 626, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

6.      The Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

7.      Pursuant to 28 U.S.C. § 1391(b), venue lies in the Eastern District of Michigan as the events giving rise to this action occurred in Farmington Hills, Michigan.

## GENERAL ALLEGATIONS

8.      Plaintiff, who is 60 years old, worked for Café Cortina for nearly 40 years.

9.      Serving as an event planner, server and office assistant, Plaintiff dedicated herself to Café Cortina's growth and success, ungrudgingly sacrificing any semblance of a reasonable work-life balance to work long hours with frequent on-call availability to Café Cortina.

10.     Plaintiff performed her job excellently.

11.     Defendants Adrian Tonon and Antonio Giannola, however, wanted a younger public-facing staff for Café Cortina.

12.     Plaintiff, who was in her late 50s at the time and working in the front of the house, did not reflect the younger image Defendants wanted to present, so Defendants steadily reduced Plaintiff's responsibilities, public visibility and engagement, and her pay.

13.     Plaintiff was restricted from working in the dining room, denied work as a server, removed as an event coordinator, and replaced by significantly younger women.

14.     Defendant Giannola openly mocked Plaintiff's age, making comments such as she is "too old" and that the back-office work answering phones was "all she's good for."

15.     Giannola also talked openly about wanting to hire younger, good-looking staff.

16.     Plaintiff's efforts to reclaim her front-of-the-house and public-facing positions were continuously rebuffed.

17.     Instead, Plaintiff watched as younger women were hired to replace her as a server and event coordinator.

18.     In May 2018, Plaintiff reported concerns about age discrimination to Café Cortina's ownership.

19.     No investigation was undertaken, no remedial action was taken, and Defendant Giannola's age-biased comments continued unabated while Plaintiff's adverse treatment worsened.

20.     Defendants steadily and substantially reduced Plaintiff's hours and duties, resulting in her losing tens of thousands of dollars in wages.

21.     In January 2019, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) for age discrimination and retaliation.

22.     On March 7, 2019, without justification and because of Plaintiff's age, opposition to her discrimination, and participation in related legal proceedings, Defendants terminated Plaintiff.

23.     In doing so, Defendants proffered dubious pretextual justifications that strain reason and credibility.

24.     Plaintiff timely filed a second EEOC charge for retaliation and age discrimination.

25.     On April 27, 2020, the EEOC issued a determination that "The evidence reveals that [Plaintiff's] allegations are true," and that there is reason to believe that Café Cortina violated the Age Discrimination in Employment Act of 1967.

26.     As a result of Defendants' actions, Plaintiff has suffered significant damages, including but not limited to substantial wage loss, financial hardship, severe emotional distress, character assassination, and harm to her career and reputation.

27.     The EEOC issued Plaintiff right to sue notices.

28.     Plaintiff timely brings this action for age discrimination and retaliation.

**COUNT I**
**Age Discrimination**
**29 U.S.C. § 621, et seq.**
*(against Café Cortina)*

29.     Plaintiff incorporates and restates here all previously stated allegations.

30.     Plaintiff, who is 60 years old, is and was during all relevant times a member of the protected class.

31.     Plaintiff was subjected to multiple adverse employment actions, including but not limited to undesirable job assignments, reduced hours, reduced pay and termination because of her age.

32.     Plaintiff was qualified but nonetheless replaced by substantially younger women and wrongfully terminated.

33.     Because of her age, Plaintiff was also subjected to severe and pervasive harassment by words and actions that unreasonably interfered with her work and created a hostile and offensive work environment for which Café Cortina is liable.

## COUNT II
## Retaliation
## Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.
### *(against Café Cortina)*

34.     Plaintiff incorporates and restates here all previously stated allegations.

35.      Plaintiff engaged in protected activity when she opposed Defendants' discrimination, filed charges with the EEOC, and participated in related investigations and proceedings.

36.     Defendants knew about her protected activity.

37.     Plaintiff reported concerns or opposed discriminatory conduct directly to them and/or they were involved in the legal proceedings.

38.     Defendants took adverse actions against Plaintiff because of her protected activity, including reducing her hours, reducing her pay, defaming her with false accusations, and terminating her.

## COUNT III
## Age Discrimination
## Elliott-Larsen Civil Rights Act, M.C.L. § 37.2202
### *(against all Defendants)*

39.     Plaintiff incorporates and restates here all previously stated allegations.

40.     Plaintiff, who is 60 years old, is and was at all relevant times a member of a protected class.

41.     Plaintiff was subjected to multiple adverse employment actions, including but not limited to undesirable job assignments, reduced hours, reduced pay and termination because of her age.

42.     Plaintiff was qualified but nonetheless replaced by substantially younger women and wrongfully terminated.

43.     Because of her age, Plaintiff was also subjected to severe and pervasive harassment by words and actions that unreasonably interfered with her work and created a hostile and offensive work environment for which Defendants are liable.

**COUNT IV**
**Retaliation**
**Elliott-Larsen Civil Rights Act, M.C.L. § 37.2701**
*(against all Defendants)*

44.     Plaintiff incorporates and restates here all previously stated allegations.

45.     Plaintiff engaged in protected activity when she opposed Defendants' discrimination, filed charges with the EEOC, and participated in the related investigations and proceedings.

46.     Defendants knew about Plaintiff's protected activity.

47.     Plaintiff reported concerns or opposed wrongful conduct directly to them and/or they were involved in the legal proceedings.

7

48.     Defendants took adverse actions against Plaintiff because of her protected activity, including reducing her hours, reducing her pay, defaming her, and termination.

## **<u>RELIEF REQUESTED</u>**

Plaintiff seeks all available relief against Defendants, including:

a.  compensatory damages;

b.  exemplary/punitive damages;

c.  attorney fees, costs and interest; and

d.  all other appropriate legal and equitable relief.

Respectfully submitted,
SALVATORE PRESCOTT PORTER &
PORTER, PLLC

Dated:  November 10, 2020     /s/ Nakisha N. Chaney_____
                             Nakisha N. Chaney (P65066)
                             Attorney for Plaintiff
                             105 East Main Street
                             Northville, MI 48167
                             (248) 679-8711
                             chaney@sppplaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in the above-captioned matter.

Respectfully submitted,
SALVATORE PRESCOTT PORTER &
PORTER, PLLC

Dated:   November 10, 2020

/s/ Nakisha N. Chaney_____
Nakisha N. Chaney (P65066)
Attorney for Plaintiff
(248) 679-8711
chaney@sppplaw.com